United States District Court
Southern District of Texas
**ENTERED**
August 05, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Rolando Rios Bernal, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3627 |
| | § | |
| Randy Tate, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Rolando Rios Bernal is a native and citizen of Mexico who concedes that he unlawfully entered the United States in 1997. Docs. 1 ¶ 6, 7 at 2, 7-1 at 1 & 4. On April 20, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Montgomery Processing Center, in Conroe, Texas. Docs. 1 ¶¶ 10 & 13, 1-1 at 5, 7 at 2, 7-2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the Fourteenth Amendment's Equal Protection Clause. Doc. 1 ¶¶ 22–66.

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Bradford ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[2]

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

---

[2] To the extent Petitioner argues his present detention constitutes "arbitrary and capricious" government action violative of the Fifth Amendment's Due Process Clause, *see* Doc. 1 ¶¶ 55–61, the Court also considered and rejected this argument. *Campos Bernal*, 2026 WL 1804234 at *4 n.4.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 5th of August, 2026.

_____
Nicholas J. Ganjei
United States District Judge